UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**AUSTIN JONES**

    Plaintiff,

v.

**STELLAR RECOVERY, INC.**, a Florida corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, AUSTIN JONES, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, STELLAR RECOVERY, INC., hereinafter "Defendant", for actual and/or statutory damages for violations under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter the "TCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, and 47 U.S.C. §227, *et seq.*.

### VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Miami-Dade County, Florida and the Defendant is a Florida corporation whose transacts business in Miami-Dade County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, Austin Jones is an individual residing in the County of Miami-Dade, State of Florida.

4. Defendant, Stellar Recovery, Inc., is a Florida corporation, and has its principal place of business in Jacksonville, Florida.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for third parties.

## BACKGROUND FACTS

6. The Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. (hereinafter "TCPA"), was enacted in 1991 to restrict telephone solicitations and the use of automated telephone equipment which utilize artificial or prerecorded voice messages when contacting consumers.

7. Plaintiff is alleged to have incurred a financial obligation which was being collected by the Defendant.

8. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff via Plaintiff's cellular telephone with a prerecorded message as follows[1]:

*"This message is for **Austin Jones**.  If you are not **Austin Jones**, please hang up or disconnect.  If you are **Austin Jones**, please continue to listen to this message. There will now be a three second pause in this message.  By continuing to listen to this message, you acknowledge you are **Austin Jones**.  You should not listen this message so that other people can hear it, as it contains personal and private information.  There will now be a*

---

[1] Text that is both printed in bold and underlined denotes the use of artificial speech technology.

*three second pause in this message to allow you to listen to this message in private. This is Stellar Recovery Incorporated at 877-236-5791. This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please contact me about an important business matter at 877-236-5791."*

9. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

10. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. See generally, <u>Griffith v. Conswner Portfolio Serv. Inc.</u>, No. 10-cv-2697 (N.D. II. Aug. 16, 2011).

11. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

12. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(l)(A).

13. Defendant willfully or knowingly violated the TCPA.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>
<u>**47 U.S.C. §227 et seq.**</u>

14. Plaintiff re-alleges and incorporates the allegations contained in the Background Facts contained herein.

15. Defendant made unsolicited commercial telephone calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or which contained a prerecorded

      message and/or an artificial voice.

16.     The calls were made without the prior express consent of the Plaintiff.

17.     The foregoing acts and omissions of Defendant constitute violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant of $500.00 per call, willful damages of $1,500 per call pursuant to 47 U.S.C. §227(b)(3), injunctive relief against Defendant to cease all communication with the Plaintiff that violates the TCPA, an award of costs of litigation, against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

18.     Plaintiff request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 21, 2014

                              MILITZOK & LEVY, P.A.
                              *Attorneys for Plaintiff*
                              The Yankee Clipper Law Center
                              3230 Stirling Road, Suite 1
                              Hollywood, Florida 33021
                              (954) 727-8570 - Telephone
                              (954) 241-6857 – Facsimile
                              mjm@mllawfl.com

                              By: /s/ Matthew J. Militzok
                              MATTHEW J. MILITZOK, ESQ.
                              Fla. Bar No.: 0153842