IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-cv-21056-KMM

AUSTIN JONES,

    Plaintiff,

vs.

STELLAR RECOVERY, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (ECF No. 19) (the "Motion"). Plaintiff filed a Response (ECF No. 26) and Defendant filed a Reply (ECF No. 30). The Motion is therefore ripe for review. UPON CONSIDERATION of the Motion, Plaintiff's Response, Defendant's Reply, Plaintiff's Complaint (ECF No. 1), other pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    BACKGROUND

Plaintiff alleges one count under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). See Compl. ¶¶ 14–17. Defendant is a debt-collection agency that attempted to collect a debt Plaintiff owed to Comcast. Defendant called Plaintiff's cellphone at least forty-six (46) times and left automated messages in an effort to collect the debt. Jones Aff. (ECF No. 26-1) ¶¶ 4, 8–10; Pl.'s Resp. at 2.

Plaintiff opened an account ("Account 1") with Comcast in September 2012 and gave Comcast his cellphone number when completing the account registration forms. See Def.'s

Statement of Material Facts, Ex. C. (ECF No. 20-3) ("Comcast Account Screenshot"); Pl.'s Resp. to Def.'s Req. for Admiss., No. 2 (ECF No. 20-1) ("Pl.'s Admiss."). Plaintiff then closed Account 1 in February of 2013 when he moved addresses. Jones Aff. ¶ 4.; Pl.'s Resp. at 1. Account 1 never became delinquent. See id.

Upon moving, Plaintiff opened a second account with Comcast ("Account 2") that became delinquent after he failed to timely pay his bill. Pl.'s Admiss. No. 3; see Pl.'s Resp. to Interrogs., No. 3 (ECF No. 20-2). Plaintiff did not provide his cellphone number to Comcast when opening Account 2. Jones Aff. ¶ 5. So, Defendant called Plaintiff to collect a debt relating only to Account 2; however, Defendant used the cellphone number Plaintiff provided when registering for Account 1.

Defendant moves for summary judgment arguing that the "prior express consent" exception to the TCPA applies in this case to preclude liability for its debt-collection calls to Plaintiff. Defendant argues that Plaintiff consented to debt-collection calls regarding Account 2 when he gave Comcast his phone number while opening Account 1. On the other hand, Plaintiff argues the prior express consent exception does not apply and that Defendant is liable for violations of the TCPA because Defendant called to collect a debt on Account 2, whereas Plaintiff only supplied his phone number while opening Account 1. Thus, Plaintiff argues he never consented to debt-collection calls regarding Account 2.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson

Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Id.  However, if the nonmoving party's evidence and arguments are merely colorable and raise only some doubt, summary judgment may be granted in favor of the moving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The moving party bears the burden of meeting this standard, id., and the district court views the evidence and makes all factual inferences therefrom in the light most favorable to the nonmoving party.  Tyson Foods, 121 F.3d at 646.

### III.  ANALYSIS

#### A. Defendant's Motion to Exclude Plaintiff's Affidavit

Plaintiff filed an Affidavit in support of his Response to Defendant's Motion for Summary Judgment.  Defendant filed a Motion to Exclude (ECF No. 31) Plaintiff's Affidavit.  Plaintiff filed a Response (ECF No. 32) to that Motion, but Defendant failed to file a reply and the time to do so has passed.  Defendant's Motion to Exclude is therefore ripe for review, and the Court must first rule on Defendant's Motion to Exclude to rule on Defendant's Motion for Summary Judgment.

Defendant argues Plaintiff's Affidavit should be excluded (or stricken) from the record because the Affidavit is "inherently inconsistent" with Plaintiff's prior sworn statements.  Mot. to Exclude at 2.  In essence, Defendant takes issue with Plaintiff making clear for the first time in his Affidavit that he had two accounts with Comcast, and that he only supplied his cellphone

number when opening Account 1.  See id. at 2–3.  Defendant therefore contends (1) that Plaintiff's discovery responses are untruthful because they did not reveal the existence of two accounts or their differences, and (2) that Plaintiff's Affidavit should be excluded because it "conflicts" with Plaintiff's discovery responses.  Defendant's argument, however, is flawed.

It is clear, from the arguments Defendant advances in its Motion for Summary Judgment and from the discovery questions it posed to Plaintiff, that Defendant was confused as to the existence of two accounts and as to the fact that Plaintiff only supplied his cellphone number in relation to Account 1 and not in relation to Account 2.  The problem is that Defendant, operating under the assumption that Plaintiff only had one account with Comcast, phrased its discovery questions in a way that did not contemplate and would not elucidate the existence of two accounts, nor the fact that Plaintiff supplied his cellphone number only in relation to one.  See generally Pl.'s Admiss.[1]; Pl.'s Resps. to Interrogs.  Thus, Plaintiff's discovery responses were not untruthful, but rather were reasonable responses to Defendant's vaguely-worded questions.  Defendant should have asked additional questions or should have phrased its questions more precisely.

Accordingly, the Court DENIES Defendant's Motion to Exclude.

### B. **Plaintiff Consented to Calls from Comcast and its Debt-Collectors**

As a preliminary matter, automated calls "placed by a third party [debt-]collector on behalf of a creditor are treated as if the creditor itself placed the call."  In re Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, 565 (2008) (the "2008 FCC Declaratory Order").  It is therefore undisputed that Defendant calling Plaintiff

---

[1] For example, Defendant's Requests for Admissions 1–3 ("Plaintiff received service from Comcast."; "Plaintiff provided the telephone number . . . 2378 to Comcast."; "Plaintiff failed to pay on his Comcast Account.") are worded in a way that makes clear that Defendant did not contemplate the existence of two accounts.  See Pl.'s Admiss.

4

to collect the debt Plaintiff owed Comcast is the same as if Comcast had called Plaintiff. Comcast's and Defendant's rights and obligations under the TCPA are therefore identical for purposes of this Order.

The TCPA prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii); 2008 FCC Declaratory Order at 560, 564. There are therefore two exceptions to the general rule that an automated call may not be placed to a cellphone number: (1) emergency calls; and (2) calls made with prior express consent. See id. at 564. The Parties agree that only the prior express consent exception is implicated by the facts of this case. However, the Parties disagree as to the outcome.

The question is whether Plaintiff consented to debt-collection calls regarding Account 2 by giving Comcast his cellphone number when opening Account 1, which never became delinquent. There is no case on point, seemingly because the rulings interpreting § 227 are written under the assumption that an individual only has one account with a given creditor (e.g., only one Comcast account) that can become delinquent and give rise to debt-collection calls. See e.g., Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110 (11th Cir. 2014); 2008 FCC Declaratory Order. This is the same flawed assumption Defendant made in this case.

Automated "calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party." Id. at 564. This is because "persons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the

contrary." Id. (quoting In re Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8769 (1992) (the "1992 FCC Declaratory Order")). "The legislative history in the TCPA provides support for this interpretation. Specifically, the House report on what ultimately became [§] 227 states that: the restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications." Id. (emphasis added) (quoting H.R. Rep. 102-317 at 17). However, later in the same Declaratory Ruling, the FCC seemingly qualifies and narrows the broad phrase "for use in normal business communications." The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor . . . during the transaction that resulted in the debt owed." Id. at 564–65.

 Here, there is no dispute that Plaintiff consented at least to debt-collection calls regarding Account 1. See id. at 564. However, Plaintiff seizes upon the phrase, "during the transaction that resulted in the debt owed" to argue that Defendant's calls violated the TCPA because Defendant used the number Plaintiff supplied when opening Account 1 to call him regarding the debt on Account 2 – a different "transaction." The Court declines to adopt Plaintiff's argument. It is clear that the 2008 FCC Declaratory Order fails to contemplate the facts of this case, where a plaintiff gave his number when opening one account with a creditor, but then received debt-collection calls regarding a second account with the same creditor. See generally 2008 FCC Declaratory Order. The 2008 FCC Declaratory Order could not contemplate every factual scenario that might implicate the prior express consent exception; however, its rationale offers sufficient guidance.

The FCC stated that the prior express consent exception allows debt-collectors to call individuals' cellphones because "persons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." Id. at 564. Hence, there is an exception "when the called party has provided the telephone number . . . for use in normal business communications." Id. The FCC's focus is on whether a consumer has consented to phone calls to a particular number from a particular creditor. See e.g., Mais, 768 F.3d at 1124–25 (reasoning that one creditor may not forward a phone number to another creditor so that the second may make debt-collection calls).

Here, when Plaintiff gave Comcast his cellphone number while opening Account 1, he gave Comcast permission to call that number for normal business communications, absent instructions to the contrary. 2008 FCC Declaratory Order at 564. "Normal business communications" logically includes communications from Comcast regarding Comcast Account 1 as well as Comcast Account 2. Plaintiff gave no instructions that Comcast had to limit communications to Account 1 only, so it would be illogical to think that Comcast would not use the number Plaintiff voluntarily gave Comcast to call him about a debt he owed Comcast. In sum, because Plaintiff knowingly gave Comcast his cellphone number, he gave Comcast (and thereby Defendant) permission to call him at that number for normal business communications. 2008 FCC Declaratory Order at 564. Plaintiff therefore consented to Defendant's calls regarding the debt he owed Comcast on Account 2.

The Court notes that Plaintiff offers only one page of argument in response to Defendant's Motion for Summary Judgment, and cites only one, non-binding case. See Pl.'s Resp. at 2–3. The non-binding case Plaintiff cites, Nigro v. Mercantile Adjustment Bureau,

LLC, 769 F.3d 804 (2d Cir. 2014), does not support his argument. In that case, the plaintiff provided his cellphone number to a power company because he was told that he must supply a number in order to have his deceased mother-in-law's service disconnected. Id. at 805. The power company's debt-collector then called the plaintiff regarding a debt his mother-in-law owed on that account, but the court held the prior express consent exception did not apply because the plaintiff was in no way responsible for the debt and because he did not consent to the calls where he was coerced into providing his phone number. Id. at 805–07.

This Court therefore holds that Plaintiff consented to the debt-collection calls regarding Comcast Account 2 when he provided his cellphone number while opening Comcast Account 1 and never expressed instructions to the contrary.

**IV.   CONCLUSION**

Based on the foregoing, it is:

ORDERED AND ADJUDGED that Defendant's Motion to Exclude Plaintiff's Affidavit is DENIED.

It is FURTHER ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED.

The Clerk of Court is instructed to CLOSE this case. All other pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of February, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   All counsel of record